**William Thornton LUTHER,
Plaintiff–Appellant,**

v.

**Michael BURTON and the County of
Kent, Defendants–Appellees.**

No. 01–2232.

United States Court of Appeals,
Sixth Circuit.

April 30, 2002.

Before DAUGHTREY and MOORE, Circuit Judges; ECONOMUS, District Judge.*

## ORDER

William Luther, a Michigan resident proceeding pro se, appeals the district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Luther sued Michael Burton and Kent County, Michigan, on his own behalf and on behalf of his minor children. A state court trial judge placed Luther on four years of probation after Luther pleaded no contest to attempted sexual assault. Burton, a probation agent, recommended to the judge that Luther's movements in Kent County be restricted. Luther alleged that Burton and Kent County violated Luther's rights to: (1) travel in Kent County; (2) live where he wants; (3) freely associate; and (4) do business in Kent County. He also claimed that the defendants violated his children's rights to freedom of association. The defendants filed separate motions for summary judgment. Luther filed a response

to Kent County's motion, but filed a "Motion for Clarification" instead of a response to Burton's motion. The district court granted summary judgment for the defendants, holding that the court lacked subject matter jurisdiction over a state court probation matter, that Kent County had no role in Luther's probation, and that Burton was entitled to qualified immunity.

In his timely appeal, Luther argues that: (1) he was denied discovery; (2) the district court judge was biased against him; (3) Burton's actions constituted "triple jeopardy;" and (4) Burton was not entitled to qualified immunity.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment to the defendants. Luther presented no evidence that either Kent County or Burton were responsible for the conditions of his probation. Under the Michigan Constitution, the courts constitute a separate branch of government from the counties. Mich. Const. of 1963, art. VI, § 1; art. VII, § 1. Thus, Kent County could not be held responsible for a judge's decision. Moreover, Burton swore that he was employed by the Michigan Department of Corrections and was not personally involved in the judicial order that imposed probation on Luther. Luther did not counter that proof. In sum, Luther failed to present evidence on

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

which a jury could reasonably find for him and against Kent County and Burton. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Having concluded that the district court properly dismissed Luther's case because of the lack of proof, we need not address the court's other grounds for dismissal. We have considered Luther's arguments on appeal and conclude that they are without merit.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.